IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TEXAS TAMALE COMPANY, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| CPUSA2, LLC d/b/a TEXAS LONE STAR TAMALES, | § § § § | Civil Action No. 4:24-cv-4992 |
| Defendant, | § § | |
| and | § § | |
| STRIPE, INC., | § § | |
| Garnishee. | § | |

**EMERGENCY APPLICATION FOR WRIT OF GARNISHMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Texas Tamale Company, Inc. ("Plaintiff"), files this Emergency Motion for Writ of Garnishment against Garnishee Stripe, Inc. ("Garnishee"), and in support thereof, respectfully shows the Court as follows:

**I.    SUMMARY OF ACTION**

This is a garnishment action to enforce a judgment entered by this Court against Defendant, CPUSA2, LLC d/b/a Texas Lone Star Tamales ("Defendant") on November 12, 2024, in an action styled *Texas Tamale Company, Inc. v. CPUSA2, LLC d/b/a Texas Lone Star Tamales*, Civil Action No. 4:21-cv-3341 (ECF No. 92). A judgment was entered in favor of Plaintiff in the amount of $500,000.00, as full compensation for all monetary damages, including attorney's fees, costs, and pre-judgment interest. Although more than 30 days have passed since entry of the judgment, no

appeal has been taken and no bond has been posted. Moreover, Defendant has failed to satisfy the judgment, and the full $500,000.00, plus post-judgment interest, remains unpaid.

The judgment is valid and subsisting, and Defendant does not, to the best of the undersigned's knowledge, possess property in Texas subject to execution sufficient to satisfy the judgment. However, Plaintiff has reason to believe that Garnishee, Stripe, Inc., holds non-exempt funds or other property belonging to Defendant. These funds are associated with Defendant's Shopify account for the website located at https://texaslonestartamales.com.

To satisfy the judgment, Plaintiff seeks garnishment of the funds held in the Garnished Account and any additional funds or property held by Garnishee on behalf of Defendant. Upon information and belief, Defendant's business is seasonal in nature—selling tamales for the Christmas holiday season. If the Court does not issue an emergency writ of garnishment, Defendant will remove all money from these accounts and Plaintiff will be unable to collect on the judgment.

## II.   JURISDICTIONAL ALLEGATIONS

Plaintiff asserts that this Court has subject matter jurisdiction over this garnishment action pursuant to 28 U.S.C. § 1332.

Plaintiff, Texas Tamale Company, Inc., is a corporation organized and existing under the laws of the State of Texas, with its principal place of business in Texas.

Garnishee, Stripe, Inc. is a corporation organized under the laws of the State of Delaware with its headquarters at 510 Townsend Street, San Francisco, California 94103. Garnishee has a registered agent for service of process in Texas: C T Corporation System, located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136. Accordingly, Garnishee is a citizen of Delaware and California for purposes of diversity jurisdiction.

The amount in controversy exceeds $75,000, exclusive of interest and costs, as Plaintiff seeks to partially satisfy a judgment of $500,000 entered by this Court on November 12, 2024.

Venue is proper in the Southern District of Texas under 28 U.S.C. § 1391, as this is the judicial district in which the judgment was entered.

### III.   LEGAL AUTHORITY

Pursuant to Rule 64 of the Federal Rules of Civil Procedure, Plaintiff may avail itself of garnishment remedies provided under Texas law to enforce a judgment.

Under Texas Civil Practice and Remedies Code § 63.001, a writ of garnishment is authorized where:

- A valid and subsisting judgment exists against the debtor;
- The judgment creditor has not been issued a supersedeas bond to suspend execution of the judgment; and
- The judgment creditor has a reasonable belief that the debtor owns non-exempt property in the possession of a third party.

Plaintiff meets these requirements, as the judgment remains unpaid, no supersedeas bond has been filed, and information suggests that Garnishee holds non-exempt funds belonging to Defendant.

### IV.   PROCEDURAL REQUIREMENTS

**A.   Service of Writ**

Plaintiff will serve the Writ of Garnishment on Garnishee's registered agent, C T Corporation System, located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136, in compliance with Texas Civil Practice and Remedies Code § 17.044.

Plaintiff will also mail a courtesy copy of the writ and supporting documents to Garnishee's corporate address at 510 Townsend Street, San Francisco, CA 94103-4918.

**B.     Notice to Defendant**

Plaintiff will notify Defendant of this garnishment action and serve copies of the application, writ, and affidavits as required by Texas Rule of Civil Procedure 663a to Defendant's registered agent, Jose F Silva, at 6001 Tension Dr. Fort Worth, TX 76112.

**C.     Garnishee's Obligations**

Upon receipt of the writ, Garnishee must:

- File an answer under oath as required by Texas Rule of Civil Procedure 665, identifying all funds, property, or effects belonging to Defendant in its possession or control; and

- Retain such funds or property until further order of this Court.

## V.     RELIEF REQUESTED

Plaintiff requests that this Court issue a Writ of Garnishment directing Garnishee to:

- Identify and disclose under oath all accounts, funds, or other property held for or on behalf of Defendant;

- Retain all such funds or property until further order of the Court; and

- Provide any additional information necessary to assist in the collection of the judgment.

Plaintiff further requests that the Court order Garnishee to comply with all statutory requirements and that the funds or property retained be applied to partially satisfy Plaintiff's judgment against Defendant.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1.     Issue a Writ of Garnishment directed to Stripe, Inc., to be served on its registered agent, C T Corporation System, at 1999 Bryan Street, Suite 900, Dallas, TX 75201-3136;

2.     Order Garnishee to answer the writ and retain all funds or property belonging to Defendant until further order of this Court;

3.	Apply any funds or property retained by Garnishee toward the satisfaction of Plaintiff's judgment; and

4.	Grant Plaintiff such other and further relief as the Court deems just and proper.

Dated: December 19, 2024

Respectfully submitted,

By: */s/ John C. Cain*
John C. Cain
State Bar No. 00783778
Southern District Bar No. 15620
Email: jcain@munckwilson.com
Steven Spears
State Bar No. 18898150
Southern District Bar No. 15094
Email: sspears@munckwilson.com
**MUNCK WILSON MANDALA, LLP**
1330 Post Oak Boulevard, Suite 2850
Houston, Texas 77056
Telephone: (832) 615-2744
Fax:         (832) 615-2776

S. Wallace Dunwoody
State Bar No. 24040838
Southern District Bar No. 1160562
Email: wdunwoody@munckwilson.com
**MUNCK WILSON MANDALA, LLP**
1900 Texas Capital Center
2000 McKinney Avenue
Dallas, Texas 75201
Telephone: (972) 628-3600
Fax:         (972) 628-3616

**ATTORNEYS FOR PLAINTIFF
TEXAS TAMALE COMPANY, INC.**